UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES ALLEN,

    Plaintiff,

v.                                  CASE NO.

RECEIVABLES PERFORMANCE       6:11-cv-332-Orl-19GJK
MANAGEMENT, LLC,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, CHARLES ALLEN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT                                                  1

## PARTIES

5. Plaintiff is a natural person who resides in Orlando, Orange County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Lynnwood, Washington.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant is collecting from Plaintiff on an alleged debt owed to Sprint.

12. On or about November 1, 2010, Defendant began placing collection calls to Plaintiff's girlfriend, Kathy Webster ("Webster"), from 877-233-8527 and to Plaintiff's place of employment.

13. Plaintiff initially gave Defendant Webster's telephone number as a contact number.

14. However, on or about December 1, 2010, Plaintiff told Defendant to stop calling Webster's telephone number and to stop calling his place of employment.

15. Despite the aforementioned, Defendant continues to place collection calls to Webster's telephone number and Plaintiff at his place of employment up to three times per day.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692c(a)(1)* of the FDCPA by attempting to contact Plaintiff at a place known to be inconvenient to the consumer;

b) Defendant violated *§1692c(a)(3)* of the FDCPA by contacting the Plaintiff at his place of employment after Defendant knew that Plaintiff could not receive calls there;

c) Defendant violated *§1692c(b)* of the FDCPA by communicating the alleged debt to third parties without the express consent of the Plaintiff;

b) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the

natural result is the abuse and harassment of the Plaintiff; and

c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 230
Fax: (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES ALLEN, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, CHARLES ALLEN, says as follows:

1. I am a Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C § 1746(2), I, CHARLES ALLEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/20/2011

_____
CHARLES ALLEN,
Plaintiff